and Michael Lewis, pleasure, et al. Thank you. Whenever you're ready, Mr. Gavin. Thank you. Good morning and may it please the court. Kevin Gavin for the town of Portsmouth, the appellant in this case. May I reserve two minutes? Yes. Thank you. There are two basic issues in this appeal. The first is whether the court has subject matter jurisdiction, an issue raised by defendants in their brief. And the second question is whether the case is moved. I submit that there's at least a third issue, and that is what the disposition ought to be of this so-called motion for disgorgement and counsel fees, which you seem to believe has some sort of independent life. Well, our argument on that is that it's part of the court's equitable jurisdiction to grant restitution and disgorgement. Yes, but motions can't be free-floating. They just don't float in space. They've got to be attached to some claim or count in a case. So if the two, you've made, there are two counts in this case. If those counts are moot, and I understand you're contesting that, but if those counts are moot, there is nothing for this motion to attach to. I would suggest there is, Your Honor. Why? Because both counts, well the first count particularly, is a count for injunctive relief. All right. But if that count is moot, all right, I realize you're resisting, accepting my assumption. If those two counts are moot, that motion is nowhere. It's just up there in the air all by itself, and it can't stand. We act on complaints that assert claims, and you can't just throw a motion in because it feels good to you. I suggest that's not what the town did. Right, but how can the, if the two counts are moot, how can the motion be before us? The claim for equitable relief is not moot because the court has power to grant restitution. That's the analysis. If the court has power to grant relief, any meaningful relief- But the two counts don't claim restitution. Neither count claims restitution. You ask to enjoin the collection of the tolls, and you ask for a declaration that the tolling is illegal. All right? Right. We didn't ask for restitution of the tolls because we brought suit to enjoin the violation of federal law. That's right, and you never amended either count to include a claim for restitution. Well, in opposing the preliminary injunction, it was the defendants who recognized and argued that the court had the power to grant restitution by refunding the tolls at the end of the case. Yes, well, when they say the court has the power, a court has the power in a properly brought action. You could have made this the proper vehicle, possibly. You might have had jurisdictional problems if you amended your complaint, but you didn't. I would submit we did not have to amend the complaint because we had a claim for such other and further relief. We invoked the court's equity jurisdiction, and because the defendants themselves argued that the court could grant that relief. I would argue it would be implied consent under Rule 15B, and under Rule 54C, the court can grant any relief that's justified regardless of whether it's specifically asked for or not. Okay, all right, I understand that's your position, all right? And let's agree not to agree, all right? But I have a further question with respect to that. What gives the town of Portsmouth the right to get disgorgement of the tolls that I paid going over the bridge, assuming that I had done it, which I didn't, all right? Portsmouth, I would suggest that, again, Portsmouth invoked the court's equity jurisdiction. Yeah, forget the equity jurisdiction. What gives Portsmouth the right? How can a party come in to a court and say, I want relief for this whole group of people who don't know that I'm here, don't care that I'm here, but I want to get relief for all of us. There is a way to do that. That's called a class action. But you didn't bring a class action. We're simply seeking to have the court restore the status quo. But for other parties, you can't assert the rights of those other parties. Well, we can certainly assert the town's own rights. That's true. And is there anything in the record that suggests that the town has paid any tolls? I mean, you may say they did. It was in the papers for the preliminary injunction. We said the town would incur tolls. Yeah, you made the allegation that the town would incur tolls. But is there anything in the record? Is there a statement? Has the town treasurer said, we spent $408.10 in tolls during this period? There's an affidavit from the town finance director saying the town would incur tolls if they were not enjoined. But the problem is, Your Honor, the court denied the preliminary injunction in part on the assertion by defendants that the court could refund tolls at the end. After that, the case was essentially frozen. There was never any ruling on any of the merits. So there was no opportunity to really go further at that point. All right. So are we agreed now that if you have any right to disgorgement, it's merely of whatever tolls the town paid? Your Honor, I would not agree with that. I think under the Porter v. Warner holding case back from 1946, if the court has equitable jurisdiction, the court can fashion an appropriate remedy. And disgorgement is to take away a benefit illegally obtained by the defendants. That's true, but disgorgement is usually made on behalf of the parties who have been harmed. And I believe the court has the authority to order disgorgement of all the tolls. Okay, so the court can give me relief that I haven't asked for and may not want. We, again- That's what you're saying. I don't have any say in this. All right? My tolls are subject to the whim of the town. If it can convince the court to give back my tolls, I've got to take them. I'm suggesting that the court has the power to do what the defendants themselves argued, which is if the court reaches the merits and finds that Portsmouth's legal arguments are valid, then the court would have power to order a refund of all the tolls. And I think disgorgement is not directed to the particular plaintiff. It's to restore the status quo and take back the illegal gains that the defendant benefited from. Can you cite me to any published case in which the court has ordered disgorgement in favor of a non-party, or one not represented derivatively as part of a class? Not off the top of my head, but I do know that the common- I'm not asking you off the top of your head. You've had months to brief this case and prepare for this argument. So don't give me off the top of your head. Can you cite me any case in which a non-party has gotten disgorgement that it never asked for by court order on behalf at the instance of a party who is not representing it in any capacity? I know there are cases, for example, shareholder derivative cases where- Yeah, that's a shareholder derivative case. That's different. There's legal standing there. This is an action under Shaw versus Delta Airlines and Verizon Maryland. In this court's decision in United Steelworkers, we brought suit to enjoin violations of federal law. And I think within the court's power is to order disgorgement from the agencies that illegally collect tolls. So I take it the answer to my question is no. You can cite no case where disgorgement has been ordered in favor of a non-party. I cannot get a cite at this moment, Your Honor. Good morning, Your Honors. Jeffrey Howard Gladstone representing the defendants in this matter. I'd like to address simply one procedural issue that Your Honor had brought up just a moment ago, and that's with regard to the ability of the plaintiffs to have amended the complaint. At one point they did, in fact, move to amend the complaint, and that was to add a third count. But that third count also failed to ask for damages. All that that sought to do was to curtail the use of the $0.10 that were being accumulated or being collected by the state and to stop it from being used for other than the rehabilitation or the use of the Seconic River Bridge. But you've got to, your brother has just said that one of the reasons that he didn't move to amend his complaint is because you represented to the court that under the present complaint as it stood, if they were to prevail, they could get restitution. That therefore you should be bound by that representation. I don't believe that that was our representation. The issue that my brother is referring to has to do with the four elements of injunctive relief. And one has to do with adequacy of remedy at law. If we had gone down and had this not become moot, and I want to go back to the fact that this case is absolutely moot, and quite frankly this is an issue that the legislature has taken care of. Excuse me. We are at a law school where people want to learn. I apologize. And I'm among the people who want to learn. Would you tell me what the difference is between a case being moot and a case being absolutely moot? I think it's the same as objecting versus strenuously objecting. I think they're exactly the same. I think so, too. So how about if we get to the issues and skip the hyperbole? Yes, Your Honor. Absolutely. During the four elements of injunctive relief, one of the elements that we had to address was adequacy of remedy at law. And there was simply a statement that under the type of tolling, the electronic tolling, that there was a means of identifying the individuals who spent the money on tolls. And so in light of that, there was an adequate remedy at law if we ever got to that issue. We're so far afield of that issue, though, because this case has been rendered moot. And quite frankly, the plaintiffs, or the appellants in this case, won. They came at this and filed this case seeking injunctive relief, stopping the tolling on the Seconic River Bridge. They did what they had every right to do. They petitioned the legislature, and the legislature fashioned a remedy through the legislative process, which, in fact, first enjoined and then themselves taking away the right to toll. And then secondly, it said, we're going to have some studies done during that period of time. We're going to allow for tolls of $0.10 a click. Counsel, I don't mean to cut off your argument, but I have a question. Yes, please. Is it possible to read what happened in the district court as when the request for disgorgement or restitution arose, that they were no longer seeking just declaratory relief, but the declaration that the tolls had been collected illegally was just part and parcel or predicate to their claim for restitution? Is it possible to read what happened that way? No, I don't believe so. And that's, once again, when you take a look at what actually transpired, that the matter was heard on preliminary injunction. Preliminary injunction was denied. Then the legislature took it up. The legislature passed a statute allowing for the $0.10 a click and also ordering that further studies be done as to the right. I'm just referring to what happened in front of the district court, Judge, and you're not answering that. I apologize. I was getting to it by setting up what transpired, and they didn't do anything during that time. Then, at the time that the legislature acted and they withdrew the permission to toll, which under Section 129 is a prerequisite, so you couldn't have tolling at that point, the case became moot. At that point, they realized we're in a situation where we now have a case that's moot. We don't want to rely on it. or simply declaratory relief is probably moot at that point. But if the claim is for restitution and you need a declaration, you have to have a declaration that the collections were violative in order to support that restitution claim. So what's the problem? The problem is that there was no count seeking monetary damages. Specifically, what they did is instead of going back and moving to amend the complaint and changing really what this whole litigation was about. Okay, so their argument is that they don't have to do that for at least three reasons. The first is that they ask for such other just and equitable relief in the original complaint. That's broad enough. The second is under Rule 54, the court can order whatever relief might be appropriate. And the third is that you made a concession. So they have those three arguments, right? In response to those three arguments, first of all, they only filed. But do you have a case that says, as Judge Selya was asking your brother, Counsel, was asking whether there's a case that says if I don't ask for it, I can be forced to take it. Do you have a case that says that you have to ask for it? I thought that it's my position that that's black letter law. Well, let's hear the case. And I apologize, Your Honor, I don't have a case for that. But I would be glad to provide you with such cases. I do want to state, though. I suggest that you do that. That's what we have 28 J letters for. All right? As long as you do it quickly after argument. And the same would hold true of the appellant referable to the question that I asked. Okay. I want to get back to if they only ask for it. What I'm trying to get at here is whether this case can be converted to a case for restitution without a formal request for amendment of the complaint. That's all I'm getting at. In other words, how flexible is the phrase such other and further relief? I understand that, and I will address that. This case is moot. There is no case or controversy. And one of the reasons for that is that when they asked for the relief, they asked for it under Count 1. Count 1 deals with 23 U.S.C. Section 129 and 301. Section 129 and 301, if we're getting this far, has no private right of action. There is no basis not only for there to be injunctive relief, but there's no basis for there to be any type of relief at all under this statute. When you take a look at this statute, this is a spending statute that gives discretion, unfettered discretion, I would argue, to the Secretary of Transportation to make a decision about spending money on the interstate and highway system. When you take a look at it, what is the purpose for this entire legislative structure? It's to ensure the general health, safety, and welfare of the people. It's a spending statute. When we take a look at the criteria that Judge Selya has set forth in his case of San Juan Cable versus Puerto Rico Telephone, and it goes through what are the criteria for finding that there is a private right of action, this doesn't pass any of those criteria. This is a spending bill. It is clear that there is no individual right of recovery here. What the plaintiffs did, what the appellants did, is they solely sought on a motion for disgorgement on Count 1, which is the Section 129.301, there is no private right of action. So you don't even get to that issue. Counsel, can I ask you a question related to Judge Howard's question? Yes, sir. Judge Howard correctly pointed out that the plaintiff has essentially three arguments as to this motion to disgorge, such other and further relief, Rule 54C, the Court's general equitable powers, which if any of those arguments were made to Judge LaGuerre in the district court in the hearings and arguments on the motion to dismiss as moot? Thank you, Your Honor. That's why I brought up the issue that there even was a motion to amend the complaint. They had the opportunity to fail. I asked you a very simple question. Did they raise any of those grounds in opposition to the motion to dismiss as moot? No. So they didn't raise it. They've waived it. And as a result of that, they don't get to bootstrap themselves up to keep this matter alive, seeking to interfere with the discretion of the Secretary of Transportation on an issue that deals solely with a group of individuals who want to actually impact the way that the state goes about maintaining its state highway system and the federal government funds the states in terms of helping to maintain that. There is no private right of action. And who would be doing the disgorging if they were to prevail? Thank you, Your Honor. The other point is the federal government has none of this money. The money, to the extent that there is any, it's with the bridge authority. So it's with a state agency. So even if you went and you took a look at the 23 U.S.C. Section 129, 301 action, that would be against the federal government, not against the state defendants here. So you have the wrong parties to that cause of action anyway. I believe defendants are confusing and conflating cause of action with jurisdiction. They claim that there's no jurisdiction because there's no implied right of action under Section 301. But again, the Shaw versus Delta Airlines, Verizon Maryland, and in this court's decision in United Steelworkers, all say there's a cause of action in equity regardless of whether the statute applies. I'm sorry. I took him, I don't mean to make his argument, but I took him to be saying that if we found that it was not moot, there was nevertheless no cause of action. Right. I think the cause of action is really, the court doesn't even really need to reach that because there's jurisdiction under the Verizon Maryland and the other cases. You need to respond to Judge Selya's point that you didn't make any of the three arguments that you rely on here below. I know that we did make the argument that the defendants had themselves raised the issue of argument that the tolls could be refunded. Okay, but did you mention the phrase such other and further relief in your arguments to the district court, either in your memo or in your brief or in your oral argument? I don't recall if I mentioned such other- Because I haven't been able to find any reference. But the court under Rule 54C can- Did you mention Rule 54C to the district court? I don't recall your argument. I haven't been able to find any mention of that either. But the court can do that after trial to grant the relief. No, no, but you're confusing what the court has authority to do with what relief you ask the court or what basis you ask the court to grant relief on because one of our cardinal rules is that an argument not made to the district court can't be made on appeal. And if you didn't argue the effect of Rule 54C, if you didn't argue your expansive meaning of the phrase such other and further relief, if you didn't argue things like that to the district court, you're in deep trouble before this court. I do know, I don't recall whether we specifically mentioned Rule 54C, but I do know we argued that judicial estoppel and things of that nature before Judge LaGuerre. And I also, if I could please point out that there's a claim under the APA for judicial review of the revised rod. That revised rod remains in effect. It's the federal green light for the state to resume tolling this bridge anytime. So that's an existing operative document. Thank you both.